UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
YAROSLAV CHURUK,                            :
                                            :
                          Plaintiff,        :        ORDER GRANTING
                                            :        DEFENDANTS' MOTION
          -against-                         :        FOR SUMMARY
                                            :        JUDGMENT
ROBERT T. GREENE and WERNER ESCOBAR,        :
                                            :        22-CV-1395 (VDO)
                          Defendants.       :
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Yaroslav Churuk, a sentenced inmate incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this action *pro se* and *in forma pauperis* under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The remaining claims are for deliberate indifference to medical needs against Defendants Escobar and Greene ("Defendants"). Pending is a motion for summary judgment filed by Defendants on the ground that Plaintiff failed to properly exhaust his administrative remedies before commencing this action. For the following reasons, Defendants' motion is **granted**.

I.      FACTS

The following facts are relevant to Plaintiff's efforts to exhaust his administrative remedies, the only issue asserted in this motion.[1] The Bureau of Prisons utilizes a computerized

---

[1] The facts are taken from Defendants' Local Rule 56(a) Statement and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement that contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3.

Defendants informed Plaintiff of his obligation to respond to the motion for summary judgment and the contents of a proper response. *See* Defs.' Notice to Self-Represented Litigant Concerning Motion for Summary Judgment (As Required by Local R. of Civ. Pro. 56(b)), ECF No. 43-3. Plaintiff filed a memorandum in opposition to the motion for

database, SENTRY, to maintain a record of all administrative remedy filings by federal inmates. (Defs.' Local Rule 56(a)1 Statement, ECF No. 43-2, ¶ 1.) The records indicate whether the inmate filed the remedy at the correctional facility, the Regional Office, or the Office of General Counsel. (*Id.* ¶ 2.) The record also indicates the number of times that particular request was submitted at that level. (*Id.* ¶ 3.)

SENTRY records show that Plaintiff filed 125 requests for administrative remedy while he was in federal custody. (*Id.* ¶ 5.) Fifty-six were filed before the incidents underlying this action. (*Id.* ¶ 6.) Plaintiff filed seven administrative remedies during the time period relevant to this action, only one of which referenced medical issues. (*Id.* ¶ 7.) That request was submitted at the wrong level in late October 2022. (*Id.*) Plaintiff was directed to submit it at the facility level. (*Id.*) Plaintiff submitted six additional requests in November and December 2022. (*Id.* ¶ 8.) However, each one concerned disciplinary issues, not medical care. (*Id.*)

Of the 125 administrative remedies he filed, Plaintiff properly completed all steps in the administrative remedy process in only eight instances, none of which concerned medical care. (*Id.* ¶ 11.)

## II.    <u>LEGAL STANDARD</u>

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

---

summary judgment but did not submit a Local Rule 56(a)2 Statement or any evidence. The fact that Plaintiff is unrepresented does not excuse him from complying with the Court's procedural and substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended") (internal citation and quotation marks omitted). Thus, Defendants' facts, when supported by the evidence of record, are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions. . . .").

Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense. . . ." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## III.    **DISCUSSION**

The claims remaining in this action after initial review are Eighth Amendment claims for deliberate indifference to medical needs. Defendants contend that Plaintiff failed to properly exhaust his administrative remedies on the claims before commencing this action.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by . . . making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (affirming grant of summary

judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 (RJS), 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001); *see also Girard v. Chuttey*, 826 F. App'x 41, 44-45 (2d Cir. 2020) (inmate failed to exhaust administrative remedies because he commenced action in district court before appeal was decided or response period elapsed).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation marks and citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 643-44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials

may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*. Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 644. The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the Court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

To exhaust administrative remedies, federal inmates must comply with the Bureau of Prisons' ("BOP") Administrative Remedy Program, a four-step process for inmates who "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Exhaustion of BOP administrative remedies applies to Plaintiff's claim for deliberate indifference to medical needs. *See, e.g.*, *Baez v. Parks*, No. 02-CV5821 (PKC) (DF), 2004 WL 1052779, at *4 (S.D.N.Y. May 11, 2004) (deliberate indifference claim may proceed only if inmate has exhausted administrative remedies).

Under the BOP Administrative Remedy Program, the inmate must first try to resolve the issue informally with prison staff. 28 U.S.C. § 542.13. If the issue is not resolved, the inmate may submit a request on the BP-9 form to the warden. 28 U.S.C. § 542.14. If the inmate is dissatisfied with the warden's response, he may appeal to the appropriate BOP Regional Director on form BP-10. 28 U.S.C. § 542.15(a). If the inmate still is dissatisfied, he may appeal to the General Counsel in the Central Office using form BP-11. *Id.* The warden is required to respond

within twenty days, the Regional Director within thirty days, and the General Counsel within forty days. 28 U.S.C. § 542.18. If the inmate does not receive a response within the time permitted, he may consider the absence of a response a denial and proceed to the next step in the process. *Id.*

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in October and November 2022. Plaintiff alleges that he submitted "cop-outs" and administrative remedies regarding his pain and other issues. (ECF No. 15 ¶ 48.) Thus, he acknowledges that he knew about the requirement that he file administrative remedies on his claims. Defendants have submitted evidence showing that Plaintiff did not properly exhaust his administrative remedies on his claims before commencing this action. Plaintiff has submitted no evidence in opposition to the motion for summary judgment. He has not filed the required Local Rule 56(a)2 Statement, submitted a declaration in support of his memorandum, or verified his Amended Complaint. Accordingly, there is no evidence to contradict Defendants' assertions.

Further, the Court notes that the response times for the several levels of review indicate that the administrative remedy process takes approximately ninety days. Plaintiff's claims concern his medical treatment in October and early November 2022. He commenced this action by complaint dated October 25, 2022. Thus, it would have been impossible for Plaintiff to have exhausted his administrative remedies before commencing this action.

In his memorandum, Plaintiff argues that administrative remedies were unavailable to him because he is not literate in English and the BOP does not provide instructions in Ukranian. Some courts have held that administrative remedies are not available where the correctional facility "fails to communicate those procedures to non-English speakers 'in a way reasonably likely to be understood.'" *Moco v. Janik*, No. 17-CV-398 (FPG), 2021 WL 5309744, at *4

(W.D.N.Y. Nov. 15, 2021) (quoting *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018)), *aff'd*, 2023 WL 6632952 (2d Cir. Oct. 12, 2023). However, the holding in *Ramirez* was based on the fact that prison officials were aware of the inmate's language difficulties and refused to provide assistance. *Ramirez*, 906 F.3d at 536, 538 (emphasizing prison officials' "widely shares knowledge of [plaintiff's] lack of English proficiency").

The court in *Moco* declined to excuse the failure to exhaust administrative remedies because Moco presented no evidence showing that prison officials were aware of his language difficulties or that he requested assistance in utilizing the grievance forms. 2021 WL 5309744 at *4-5. *See also Bowens v. Fed. Bureau of Prisons*, No. 12-CV-5591 (PKC), 2013 WL 3038439, at *4 (S.D.N.Y. June 18, 2013) ("unless a prisoner's request for such assistance is denied, a language-based impairment does not amount to a special circumstance justifying departure from the exhaustion requirement") (internal quotation marks and ellipsis omitted); *Tinsley v. FCI Bennettsville*, No. 12-CV-264 (RBH) (JDA), 2013 WL 568070, at *8 (D.S.C. Jan. 23, 2013) (holding that "an illiterate inmate must have asked for and been refused assistance in pursuing his administrative remedies before his illiteracy may excuse his failure to exhaust" and noting that the fact that the BOP permitted inmate to correct filing errors suggested that illiteracy was not the cause of his failure to exhaust his administrative remedies), *report and recommendation adopted*, 2013 WL 567690 (D.S.C. Feb. 13, 2013).

Here, Plaintiff provides no evidence that prison officials were aware of his English illiteracy or that he requested, and was denied, assistance in completing the administrative remedy forms. In addition, the SENTRY records show that the BOP included directions in many of the rejection notices that were submitted initially at the wrong level to refile them at the facility, but Plaintiff did not do so. Therefore, Defendants' motion for summary judgment is

granted on the ground that Plaintiff failed to properly exhaust his administrative remedies before commencing this action.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 43) is **GRANTED**. Judgment is entered in the defendants' favor. As there are no remaining claims, the Clerk is directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
September 25, 2024

       /s/ Vernon D. Oliver
       VERNON D. OLIVER
       United States District Judge