UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
YAROSLAV CHURUK,                                               :
                                                               :
                              Plaintiff,                       :
                                                               :      ORDER GRANTING
              -against-                                        :      DEFENDANT
                                                               :      ESCOBAR'S MOTION
ROBERT T. GREENE and WERNER ESCOBAR,                           :      TO DISMISS
                                                               :
                              Defendants.                      :      22-CV-1395 (VDO)
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Yaroslav Churuk, a sentenced inmate incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this action *pro se* and *in forma pauperis* under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The remaining claims are for deliberate indifference to medical needs against Defendants Escobar and Greene. Pending is Defendant Escobar's motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, Defendant Escobar's motion to dismiss the Amended Complaint is **granted**.

**I.      BACKGROUND**

The following facts are relevant to the claim against Defendant Escobar ("Defendant"). In November 2022, Plaintiff began experiencing severe pain, "as if his internal organs were on fire." (ECF No. 15 ¶ 37.) On November 7 or 8, 2022, Defendant called Plaintiff into his office and yelled at Plaintiff because a lieutenant called him at 2:00 a.m. (*Id.* ¶ 39.) Defendant told Plaintiff that Defendant did not care if Plaintiff died. (*Id.* ¶ 40.) Defendant prescribed Plaintiff a constipation medication even though Plaintiff had complained of chest and kidney pain, not bowel issues. (*Id.* ¶¶ 42-43.)

Defendant told Plaintiff, "I saw your criminal case. You punish people. Now I will punish you. Now you have a huge problem." (*Id.* ¶ 44.) Defendant changed Plaintiff's prescription for Gabapentin, which he had taken to address back pain, to Lyrica. (*Id.* ¶¶ 45-46.) Plaintiff submitted many requests to Defendant stating that Lyrica did not work and filed administrative remedies but was ignored. (*Id.* ¶¶ 47-48.)

## II.     LEGAL STANDARD

"Dismissal of a complaint for lack of subject matter jurisdiction is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Thompson v. United States*, 795 F. App'x 15, 17 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To survive a Rule 12(b)(1) motion to dismiss, the plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *McArthur v. Nail Plus*, No. 3:21-cv-961(SRU), 2022 WL 1605538, at *1 (D. Conn. May 20, 2022) (quoting *Makarova*, 201 F.3d at 113). When considering a motion to dismiss under Rule 12(b)(1), the Court is not limited to the pleadings; it "may instead consider all evidentiary material bearing on whether it has subject matter jurisdiction." *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966(SRU), 2024 WL 3292543, at *5 (D. Conn. July 3, 2024) (citation and internal quotation marks omitted); *see also Luckett v. Burre*, 290 F.3d 493, 496-97 (2d Cir. 2002) (court may refer to evidence outside the pleading when resolving questions of jurisdiction under Rule 12(b)(1)). Although the court must accept as true all material facts alleged in the complaint, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleading inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

## III.     DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over the claims against him because he is immune from suit under *Bivens*.

Under the Public Health Service Act of 1944 ("PHSA"), the remedies provided under the Federal Tort Claims Act ("FTCA") are the exclusive means for resolving tort complaints against employees of the Public Health Service who are acting within the scope of their employment. *See* 42 U.S.C. § 233(a); *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000) (42 U.S.C. § 233(a) "makes the [FTCA] the exclusive remedy for specified actions against members of the Public Health Service").

Defendant submits his declaration stating that he is Lieutenant in the United States Public Health Service, has held that status at all times relevant to the claims against him, and works as a Family Nurse Practitioner at FCI Danbury. (ECF No. 42 at 11 ¶¶ 1, 3.) Thus, Plaintiff's exclusive remedy against Defendant is an FTCA claim.

Plaintiff provides no evidence to contradict Defendant's statements and demonstrate subject matter jurisdiction over the claim. In opposition to the motion, Plaintiff states only that Defendant "can't escape liability" because "*Bivens* is a constitutionally created remedy, and a Congressional statute cannot override a constitutional remedy." (Doc. No. 47 at 4.) Plaintiff is mistaken.

The Supreme Court has held that, even though *Bivens* was decided after section 233(a) was enacted, *Bivens* does not override the immunity from suit afforded to PHS employees. *Hui v. Casteneda*, 559 U.S. 800, 806-07 (2010) (citing *United States v. Stanley*, 483 U.S. 669, 684 (1987) ("[T]he availability of a damages action under the Constitution for particular *injuries* ... is a question logically distinct from immunity to such an action on the part of particular

*defendants*")). Thus, even though a *Bivens* remedy is generally available on claims for deliberate indifference to serious medical needs by federal inmates, "an action under *Bivens* will be defeated if the defendant is immune from suit." *Id.* at 807.

Plaintiff's claims against Defendant arise from Defendant's provision of medical care. Thus, Defendant was acting within the scope of his employment and is "entitled to the protections of the FTCA ... including absolute immunity ... for actions arising out of the performance of medical or related functions within the scope of [his] employment." *Agyin v. Razmzan*, 986 F.3d 168, 172 (2d Cir. 2021) (quoting *Hui,* 559 U.S. at 806 (internal quotation marks omitted)). This *Bivens* claim against Defendant is dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Defendant Escobar's Motion to Dismiss (ECF No. 42) is **GRANTED.**

**SO ORDERED.**

Hartford, Connecticut
September 25, 2024

       /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge